**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

**IN RE: SARAH J. MORRIS**　　　　　　　　　　Case No. 04-38321-DOT
　　　Chapter 13 Debtor

**MEMORANDUM OPINION**

The court has received separate motions for reconsideration filed by debtor Sarah J. Morris and by her non-debtor spouse Robert E. Morris. Both motions address the court's order entered March 16, 2007. The other interested parties have filed responses to the motions, and no additional argument is necessary.

For reasons stated below, both motions to reconsider will be denied.

Background.

The order of March 16, 2007, granted previous motions to reconsider by Zabu Holding Company, Inc., and SunTrust Mortgage, Inc. In granting those motions, the court vacated a previous order entered December 21, 2006, which order had granted (in part) debtor's motion to set aside a foreclosure sale of the residence of Mr. and Mrs. Morris located in Hanover County, Virginia. By the order of March 16, 2007, the court granted retroactive relief from the automatic codebtor stay of 11 U.S.C. § 1301 with respect to Mr. Morris and validated the foreclosure sale the property. The movant in the relief from stay motion was UMLIC VA LLC, holder of a deed of trust against the property.

Memorandum Opinion and Order Entered March 16, 2007.

The following is a summary of the facts and conclusions of the court's opinion.

Debtor filed this individual chapter 13 case on September 2, 2004. She and her non-debtor husband Robert E. Morris owned a residence in Mechanicsville, Hanover County, Virginia, which was subject to a deed of trust held by UMLIC. Mr. Morris was not an obligor on

the deed of trust note although he had executed the deed of trust.

On November 30, 2005, the court granted UMLIC's unopposed motion for relief from stay as to the realty. The cause of the problem presently at issue was UMLIC's failure to move for relief from the codebtor stay of Code § 1301 as to Robert E. Morris.

UMLIC caused its trustee to conduct a foreclosure sale of the realty on June 20, 2006. Following foreclosure the property was conveyed to Zabu Holding Company, Inc., by trustee's deed dated July 3, 2006, and recorded July 14, 2006. The deed disclosed the prior ownership of the property by Mr. and Mrs. Morris, but it did not disclose that Mrs. Morris had been a debtor in a bankruptcy case. The Morrises negotiated with Zabu to repurchase the realty, but they could not reach an agreement. Zabu subsequently conveyed the property to its owner, Brad Jester, who obtained a deed of trust loan on the property from SunTrust Mortgage, Inc. The deed of trust was recorded on September 11, 2006.

On November 2, 2006, debtor filed a motion to set aside the foreclosure sale and reimpose the automatic stay based on UMLIC's failure to obtain relief from codebtor stay as to Robert Morris. The motion was opposed by UMLIC and Zabu. Following a hearing, the court granted debtor's motion to set aside the foreclosure, while at the same time granting UMLIC immediate relief from the stay. The order was entered on December 21, 2006.

Subsequently, Zabu and SunTrust filed motions for the court to reconsider the order of December 21, which the court granted by the order entered March 16, 2007. This order, which is the subject of the Morrises' present motions to reconsider, nullified the codebtor stay and effectively validated the foreclosure sale of June 20, 2006. In reaching this decision the court was required to balance the equities between the Morrises and the parties claiming ownership

2

through the foreclosure sale.

In balancing the equities, one of the court's concerns was the length of time that had passed from the foreclosure sale on June 20, 2006, until debtor filed her motion to set aside the foreclosure sale on November 2, 2006. During that passage of time, Zabu had transferred title, and the property had been refinanced by a SunTrust deed of trust loan. Two hearings were held on the motions to reconsider of Zabu and SunTrust. During the first hearing, none of the parties presented evidence as to when the debtor informed UMLIC and Zabu of UMLIC's failure to obtain codebtor stay relief. Because the court considered this an important point, on March 7, 2007, the court wrote all counsel a letter advising them that another hearing would be held and which contained the following statement:

> Other than some vague remarks at hearing and in briefs filed, there is nothing definitive in the present record to suggest that debtor or her counsel made Zabu Holding Company, Inc., or UMLIC VA LLC aware of UMLLC's failure to obtain codebtor stay relief until debtor filed her motion to vacate foreclosure on November 2, 2006. At the upcoming hearing, I will give any party an opportunity to present evidence on this question. If the parties are agreeable, I will accept affidavits.

At the second hearing held March 14, 2007, debtor's counsel gave testimony to the effect that in early August 2006, he notified UMLIC's counsel for the first time that UMLIC had failed to obtain codebtor stay relief as to Mr. Morris. He gave no testimony regarding debtor's notification to Zabu of the problem, which the court considered an important factor in the balancing of the equities. The memorandum opinion of March 16, 2007, stated that "there is nothing in the present record to suggest that debtor or her counsel made Zabu aware of UMLIC's failure until debtor filed her motion to vacate foreclosure on November 2, 2006." (Memo. Opn. Mar. 16, 2007, p. 8.) There is no dispute that SunTrust did not know that debtor had been in a

bankruptcy case until after the motion to vacate foreclosure sale was filed.

<u>Motions To Reconsider Filed by Debtor and Robert E. Morris.</u>

Both motions address the single factual issue of when Zabu was informed of the § 1301 issue.

Debtor's motion requests the court to reconsider the March 16, 2007, order and take additional evidence on when Zabu was informed. The motion contains no specific factual assertion of when Zabu was informed of the problem. The factual allegations conflate notice to UMLIC and Zabu that the co-owner Mr. Morris was not deceased and the more important question of when these parties were notified of UMLIC's failure to obtain codebtor stay relief.

The motion to reconsider filed on behalf of Robert E. Morris is more specific. It alleges that his counsel learned for the first time after the hearing of March 14, 2007, that Brad Jester, owner of Zabu, "was advised in late July or early August [2006] by attorney Christine Maggard that a violation of 11 U.S.C. Section 1301 had occurred when UMLIC foreclosed on the Property without obtaining co-debtor relief." The motion further alleges that Zabu transferred title to Jester on August 3, 2006.

<u>Discussion and Conclusions of Law.</u>

A motion to reconsider or to alter or amend a judgment is governed by Fed. R. Civ. Proc. 59, made applicable by Bankruptcy Rule 9023. In order for a bankruptcy court to alter or amend a judgment under Fed. R. Civ. Proc. 59(e), a movant must show it is necessary on one of three grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." <u>E.E.O.C. v. Lockheed Martin Corp.</u>, 116 F.3d 110, 112 (4th Cir. 1997); <u>Hutchinson v. Staton,</u>

994 F.2d 1076, 1081 (4th Cir. 1993). The district court of this district has further clarified the grounds for granting a motion to reconsider. Such a motion should be granted only where (1) the court has "patently misunderstood" a party, (2) the court has made a decision outside the "adversarial issues presented," (3) the court has made an error, "not of reasoning, but of apprehension," or (4) a "controlling or significant change" has occurred in the law or the facts since the parties submitted the issue. U.S. v. Smithfield Foods, Inc., 969 F. Supp. 975, 977 (E.D. Va. 1997) (citing Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)).

The only likely basis here for granting motions to reconsider would be to account for new evidence not available at trial and which represents a "controlling or significant change" of facts. Id. The court finds it unnecessary to conduct another hearing to receive new evidence. Rather, for purposes of ruling on these motions, the court will accept the unproven (and unsworn) statement in one of the motions that around August 1, 2006, Christine Maggard advised Zabu's Brad Jester of UMLIC's failure to obtain § 1301 relief. Also, for present purposes the court will disregard the fact that counsel for the Morrises were requested to present evidence on this very point at a second hearing scheduled for that purpose on March 14, 2007. Ms. Maggard is known to the court as a bankruptcy lawyer practicing in Richmond. The motions do not assert that her evidence was not available to the movants on March 14.

As noted above, part of the rationale for the ruling of March 16, 2007, was that there was nothing in the case record establishing that Zabu had been made aware of the § 1301 problem until debtor's motion to vacate foreclosure was filed on November 2, 2006. Memo. Opn. p. 8. The court also noted, in connection with the SunTrust deed of trust loan, that there was "no

5

evidence [Zabu] was aware of the codebtor problem." Id. at 9.

It was the court's stated consideration of Zabu's lack of awareness that prompts the present motions, and the decision on whether to grant the motions depends upon whether the new information, assuming its truth, is a sufficient basis for reconsideration. I find it is not. Simply put, the difference between Zabu receiving notice on August 1, 2006, and November 2, 2006, does not change the fundamental basis of the earlier ruling.

The primary factors supporting the court's decision remain. They were the absence of any notice to SunTrust before it made the deed of trust loan plus the fact that the Morrises took no action until debtor filed her motion to vacate the June 20 foreclosure, over four months later on November 2. Even though Zabu may have had an opportunity to confront the problem in early August, it is difficult for the court to find the equities favor the Morrises under the circumstances, particularly when they negotiated with Zabu in early July to repurchase their residence without apprising Zabu of the § 1301 problem. Thus, the assertion of Zabu's mere knowledge of the potential problem on August 1 is not a "controlling or significant change" of facts sufficient to meet the reconsideration standard of Smithfield Foods, 969 F. Supp. 975.

An order will be entered denying the motions to reconsider.

SIGNED: _____

    /s/ Douglas O. Tice Jr.
DOUGLAS O. TICE JR.
CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

Copies to:

Christopher L. Perkins, Esquire
LeCLAIR RYAN, P.C.

P.O. Box 2499
Richmond, Virginia 23218-2499
*Counsel for Zabu Holding Company, Inc.*

Michael J. Champlin, Esquire
Bowen, Champlin, Carr, Foreman & Rockecharlie
1919 Huguenot Road, Suite 300
Richmond, Virginia 23235
*Counsel for Debtor*

Michael B. Ballato, Esquire
CAUDLE AND BALLATO, P.C.
3123 West Broad Street
Richmond, Virginia 23230
*Counsel for UMLIC VP, LLC*

Carl M. Bates, Esquire
P. O. Box 1819
Richmond, Virginia 23218-1819
*Chapter 13 Trustee*